**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

JOSEPH SOHM,                                    :   No:  1:16-cv-04255 (WHP)(KNF)
                                                :
                    Plaintiff,                  :   The Hon. William H Pauley III
                                                :
                                                :
            -against-                           :   ECF Case
                                                :
                                                :
McGRAW-HILL GLOBAL EDUCATION                    :
HOLDINGS, LLC and McGRAW-HILL SCHOOL            :
EDUCATION HOLDINGS, LLC,                        :
                                                :
                    Defendants.                 :
                                                :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x


**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO PARTIALLY DISMISS FIRST AMENDED COMPLAINT**


Christopher P. Beall (CB4590)
LEVINE SULLIVAN KOCH & SCHULZ, LLP
321 West 44th Street, Suite 1000
New York, NY 10036
(212) 850-6100 – Phone
(212) 850-6299 - Fax
cbeall@lskslaw.com

*Counsel for McGraw-Hill Global Education*
*Holdings, LLC and McGraw-Hill School Education*
*Holdings, LLC*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION ....................................................................................................................1

STATEMENT OF RELEVANT FACTS ...................................................................................1

ARGUMENT ...........................................................................................................................4

      A.     Legal Standard ........................................................................................................5

      B.     Copyright Law's Originality Doctrine Requires More Than Trivial
            Variation in a Photograph of a Work in the Public Domain.....................................6

      C.     Sohm's Claims Based on Photos that Slavishly Copy Well-Known
            Works in the Public Domain Are Not Sufficiently "Original" To
            Be Copyrightable ....................................................................................................9

CONCLUSION.......................................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alfred Bell & Co. v. Catalda Fine Arts, Inc.*,
    191 F.2d 99 (2d Cir. 1951)................................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................5

*ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*,
    402 F.3d 700 (6th Cir. 2005) ......................................................................8

*ATSI Comm'cns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007)........................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................5

*Bridgeman Art Library, Ltd. v. Corel Corp.*,
    36 F. Supp. 2d 191 (S.D.N.Y. 1999)........................................................8

*Chamberlin v. Uris Sales Corp.*,
    150 F.2d 512 (2d Cir. 1945)......................................................................6

*Custom Dynamics, LLC v. Radiantz LED Lighting, Inc.*,
    535 F. Supp. 2d 542 (E.D.N.C. 2008).....................................................7

*Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*,
    122 F.3d 1211 (9th Cir. 1997) ..................................................................8

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340 (1991)....................................................................5, 6, 10, 11

*Harner v. Wong Corp.*,
    No. 1:12-cv-00820-KG-ACT, 2013 WL 11549284 (D.N.M. Oct. 31, 2013)...........................8

*Kelly v. L.L. Cool J.*,
    145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994).........................5

*L. Batlin & Son, Inc. v. Snyder*,
    536 F.2d 486 (2d Cir. 1976) (*en banc*) ..................................................6, 7, 11, 12

*Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*,
    528 F.3d 1258 (10th Cir. 2008) ..............................................................8, 11

iii

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*,
    712 F. Supp. 2d 84 (S.D.N.Y. 2010)......................................................................12

*Oriental Art Printing, Inc. v. Goldstar Printing Corp.*,
    175 F. Supp. 2d 542, (S.D.N.Y. 2001)...........................................................7, 12

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
    602 F.3d 57 (2d Cir. 2010)..............................................................................5, 13

*Rockford Map Publ'rs, Inc. v. Directory Serv. Co.*,
    768, F.2d 145, 148 (7th Cir. 1985) .........................................................................6

*SHL Imaging, Inc. v. Artisan House, Inc.*,
    117 F. Supp. 2d 301 (S.D.N.Y. 2000) (Pauley, J.) .............................................6, 9

*Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*,
    338 F.3d 127 (2d Cir. 2003).....................................................................................7

**Statutes**

17 U.S.C.
    § 102(a) .....................................................................................................................5
    § 410(c) ...................................................................................................................12

**Other Authorities**

Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 1.06(A) (2016) .................6, 9

Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE ....................................................5

Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.................................................1, 5, 12

iv

## INTRODUCTION

Defendants McGraw-Hill Global Education Holdings, LLC, and McGraw-Hill School Education Holdings, LLC (collectively "McGraw-Hill") respectfully submit this Memorandum of Law in Support of their Motion to partially dismiss certain portions of Joseph Sohm's ("Sohm") First Amended Complaint ("Amended Complaint") (Dkt. No. 34), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Specifically, McGraw-Hill seeks dismissal of thirty-seven claims set forth in Counts I and II of the Complaint[1] that are based upon fourteen photographs that lack the requisite originality in order to state a claim for copyright infringement. As is apparent from the face of the Complaint and the particular photos depicted therein, these images are slavish copies, that is, exact reproductions – literally, "photo copies" – of famous documents, currency and national symbols that have long been in the public domain. Because such photos do not exhibit or display any discernible original expression contributed by Sohm himself, and instead are perfect facsimile copies of public domain content which Sohm has affirmatively pleaded he actually copied from other sources, these photos are not eligible for copyright protection, and any claim of copyright infringement as to these photos is not actionable, as a matter of law.

## <u>STATEMENT OF RELEVANT FACTS</u>

Sohm is a stock photographer who licenses his photos to various publishers, including McGraw-Hill, typically for a few hundred dollars per photo. Am. Compl. ¶¶ 2, 9. Sohm also

---

[1] Exhibit 2, Rows 37, 49, 51, 64, 73, 118, 141, 142, 148, 157, 158, 160, 167, 168, 175, 181, 183, 189, 191, 192, 208, 211, 217, 221, 228, 233, 248, 249, 271, 273, 280, 283, and 285; (b) Exhibit 3, Rows 23 and 24; and (c) Exhibit 7, Rows 120 and 146.

has entered into agreements with various third-party stock photo agencies to represent and license his photos to publishers as well. *Id.* ¶ 10. McGraw-Hill is, among other things, a publisher of educational textbooks for K-12, college, and post-graduate students. *Id.* ¶ 3.

Sohm bases his copyright claims on broad, conclusory allegations that McGraw Hill Education has exceeded the purported print run and other terms set forth in hundreds of invoices issued to McGraw-Hill by Sohm, one of Sohm's own stock agencies, or various third-party stock photo agencies, including Corbis Corporation. *Id.* ¶¶ 9-11.

The photos for which Sohm claims copyright ownership are depicted in Exhibits 1-7 to the Complaint. *Id.* ¶ 6; Exs. 1-7. Those Exhibits are summary charts of photos that Sohm or his agents invoiced to McGraw-Hill, identified by an image number, an invoice number, alleged invoice date, and thumbnail image of the photo. *Id.*, Exs. 1-7. For many of the claims, Sohm does not identify the alleged McGraw-Hill title at issue. *E.g.*, *id.*, Exs. 2, 3, 4. Setting aside the fact that Sohm is using this lawsuit to obtain a *de facto* audit – frequently without any evidence that any *particular* claim is sustainable – at least fourteen of the photos at issue, as set forth below, are nothing more than slavish copies of preexisting works in the public domain:[2]

(1)    Image Id. No. JS1000460 (the "Presidential Seal of the US Image"): Sohm claims copyright for an image entitled "Presidential Seal of the US." *Id.* Ex. 2, Row 37.

(2)    Image Id. No. JS004492 ("The Constitution Image"): Sohm claims copyright for an image entitled "The Constitution." *Id.* Ex. 2, Rows 49, 118, 181, 191, 221, 228.

_____

[2] A summary of the contested claims, with copies of the thumbnails pleaded by Sohm in the corresponding exhibits to the Complaint, is attached as Exhibit A to the Declaration of Christopher P. Beall dated July 20, 2016.

(3)    <u>Image Id. No. JS999775 ("Declaration of Independence Image")</u>:  Sohm claims copyright for an image entitled "Declaration of Independence." *Id.* Ex. 2, Row 51.

(4)    <u>Image Id. No. JS999774 ("Declaration of Independence Image II")</u>:  Sohm claims copyright for an image entitled "Declaration of Independence." *Id*. Ex. 2, Rows 64, 73, 183.

(5)    <u>Image Id. No. JS1000418 ("Constitution Preamble Image")</u>:  Sohm claims copyright for an image entitled "We the People Preamble to the United States Cons [sic]." *Id*. Ex 2, Rows 141, 142.

(6)    <u>Image Id. No. JS1000417 ("Original United States Constitution Image")</u>:  Sohm claims copyright for an image entitled "Original United States Constitution." *Id*. Ex. 2, Rows 148, 158, 208, 211, 248, 249, 285.

(7)    <u>Image Id. No. JS1262731 ("Constitution of the United States of America Image")</u>: Sohm claims copyright for an image entitled "Constitution of the United States of America." *Id*. Ex. 2, Rows 157, 168, 175, 273, 283.

(8)    <u>Image Id. No. JS1000416 ("Original Declaration of Independence Image")</u>: Sohm claims copyright for an image entitled "Original Declaration of Independence. *Id*. Ex. 2, Rows 160, 271, 280.

(9)    <u>Image Id. No. JS1000412 ("Front of One Dollar Bill Image")</u>:  Sohm claims copyright for an image entitled "Front of One Dollar Bill." *Id*. Ex. 2, Row 167.

(10)    <u>Image Id. No. JS1262253 ("American Flag with 13 Stars Image")</u>:  Sohm claims copyright for an image entitled "American Flag with 13 Stars." *Id*. Ex. 2, Rows 189, 217.

(11)    <u>Image Id. No. JS1568438 ("$20 Bill Image")</u>:  Sohm claims copyright for an image entitled "$20 Bill." *Id*. Ex. 2, Row 192.

(12)   Image Id. No. JS1000403 ("13-Star American Flag Image"):  Sohm claims copyright for an image entitled "13-Star American Flag."  *Id*. Ex. 2, Row 233.

(13)   Image Id. No. 22531059 ("Original Colonial Flag Image"):  Sohm claims copyright for an image entitled "This is the original colonial flag with 12."  *Id*. Ex. 3, Row 23, 24.

(14)   Image Id. No. ESOHO464910 ("The Entire Original U.S. Constitution Image"): Sohm claims copyright for an image entitled "The entire original U.S. Constitution on its faded parchment paper."  *Id*. Ex. 7, Rows 120, 146.[3]

## ARGUMENT

The portions of Counts I and II of the Complaint pertaining to the foregoing thirty-seven claims, relating to the listed fourteen photos, must be dismissed because they fail to satisfy a necessary precondition to a claim of copyright infringement: pleading works for which the plaintiff is entitled to claim copyright protection.  Sohm cannot proceed on these thirty-seven claims because these fourteen images are no more than faithful copies, literally, photo copies, of well-known historical documents, currency, and national symbols, all of which were created by the government and which have long been in the public domain.  None of these photos exhibits the necessary modicum of independent authorial creativity on Sohm's part, and are therefore not

---

[3] In its initial request seeking leave to file this motion, McGraw-Hill initially indicated it would seek dismissal as to one other photo:  Image Id. No. JS004517 ("Florida State Seal Image"), shown at Am. Compl. Ex. 2, Row 222.  *See* Letter to The Hon. William H. Pauley III, Dkt. No. 47, at 1-2 n.1.  However, in light of the Court's discussion at the pre-motion conference on July 13, 2016, McGraw-Hill has elected to omit that particular photo from this motion, while reserving its right to pursue the issue of originality during discovery and at summary judgment.

copyrightable by him.  As a result, these thirty-seven underlying copyright infringement claims must be dismissed as a matter of law.

A.      **Legal Standard**

To avoid dismissal under Rule 12(b)(6), a plaintiff must demonstrate "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Comm'cns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  In this context, a claim should be dismissed unless the plaintiff has pleaded specific non-conclusory facts that give rise to a plausible narrative supporting his claim.  *See Twombly*, 550 U.S. at 570 (plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible.").

In copyright infringement cases, the plaintiff "must allege 1) which specific ***original*** works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright."  *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd,* 23 F.3d 398 (2d Cir. 1994) (table) (emphasis added); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 453 (1991)) ("Not all copying . . . is copyright infringement.  To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work ***that are original***" (emphasis added)); *see also Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010).

5

**B.    Copyright Law's Originality Doctrine Requires More Than Trivial Variation in a Photograph of a Work in the Public Domain**

It is well established that "Copyright protection subsists . . . in original works of authorship. . . ." 17 U.S.C. § 102(a).  "The *sine qua non* of copyright is originality.  To qualify for copyright protection, a work must be original to the author."  *Feist*, 499 U.S. at 345.  The Supreme Court further held in *Feist* that "Original, as the term is used in copyright, means only that the work was independently created by the author (***as opposed to copied from other works***), and that it possesses at least some minimal degree of creativity."  *Id.* at 345 (emphasis added).

While "[t]he standard of originality is low, . . . it does exist."  *Id*. at 362.  That is because, "[t]here remains a narrow category of works in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent."  *Id*. at 359.  This definitive threshold, even if low, serves a critical purpose: "[C]opyright rewards originality, not effort."  *Id*. at 364; *see also SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F. Supp. 2d 301, 311 (S.D.N.Y. 2000) (Pauley, J.) ("'The copyright laws protect the work, not the amount of effort expended.'" (quoting *Rockford Map Publ'rs, Inc. v. Directory Serv. Co.*, 768, F.2d 145, 148 (7th Cir. 1985))).  Indeed, "[o]ne who has slavishly or mechanically copied a work from others may not claim to be an author of that work."  Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 1.06(A) (2016).

For more than seventy years, this Circuit has required that in order to obtain a copyright upon a reproduction of another work, that reproduction must "contains some substantial, not merely trivial, originality . . . ." *Chamberlin v. Uris Sales Corp.*, 150 F.2d 512, 513 (2d Cir. 1945); *see also Alfred Bell & Co. v. Catalda Fine Arts, Inc.*, 191 F.2d 99, 103 (2d Cir. 1951) (requiring that an author contribute "something more than a merely trivial variation, something recognizably his own" (quotation omitted)); *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 491

(2d Cir. 1976) (*en banc*) ("[T]o support a copyright there must be at least some substantial variation, not merely a trivial variation such as might occur in the translation to a different medium.").

As Judge Oakes explained in the full *en banc* decision in *Batlin*, the requirement for originality in a plaintiff's work cannot be satisfied "simply by the demonstration of 'physical skill' or 'special training.'"  *Batlin*, 536 F.2d at 492 (reversing district court and finding that a plastic reproduction of a mechanical bank was not entitled to copyright protection, and observing, "[t]o extend copyrightability to miniscule variations would simply put a weapon for harassment in the hands of mischievous copiers intent on appropriating and monopolizing public domain work"); *see also Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 135 (2d Cir. 2003) ("copying is not unlawful if what was copied from the allegedly infringed work was not protected, for example, if the copied material had itself been taken from the public domain").

In addition, as Judge Schwartz elaborated in the well-known "Chinese menu" case, *Oriental Art Printing, Inc. v. Goldstar Printing Corp.*, a purely utilitarian photo that merely depicts, in faithful replication, an object or item of someone else's creation, is not itself copyrightable:  "[P]laintiffs' photographs serve a purely utilitarian purpose: to identify for restaurant customers those dishes on a take-out menu, such that the customers may achieve a better understanding of what a particular dish contains."  175 F. Supp. 2d 542, 547 (S.D.N.Y. 2001); *see also id.* at 548 ("The Court should note that finding the photographs in question to be copyrightable would secure plaintiffs the exclusive right of use in such photographs, which effectively would permit them to monopolize the market for printing menus that depict certain

commonly served Chinese dishes."); *Custom Dynamics, LLC v. Radiantz LED Lighting, Inc.*, 535 F. Supp. 2d 542, 549 (E.D.N.C. 2008) (finding that "purely descriptive pictures" of aftermarket motorcycle lighting accessories were not copyrightable because of the lack of original expression); *Harner v. Wong Corp.*, No. 1:12-cv-00820-KG-ACT, 2013 WL 11549284, at *6 (D.N.M. Oct. 31, 2013) (finding that photographs of computer components such as monitors, keyboards, internet modems, and internet routers were not copyrightable because they lacked sufficient originality as a result of their "purely descriptive" nature); *cf. Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1221-24 (9th Cir. 1997) (denying copyright protection to 3-D costumes based on 2-D cartoon characters).

Likewise, in *Bridgeman Art Library, Ltd. v. Corel Corp.*, this Court rejected claims for copyright in color transparencies of paintings that were in the public domain – almost exactly the situation presented here. 36 F. Supp. 2d 191, 197 (S.D.N.Y. 1999) (Kaplan, J.). Mere copies, the Court held, merit no protection:

> In this case, plaintiff by its own admission has labored to create 'slavish copies' of public domain works of art. While it may be assumed that this required both skill and effort, there was no spark of originality—indeed, the point of the exercise was to reproduce the underlying works with absolute fidelity. Copyright is not available in these circumstances.

*Id*.

Similarly, in *ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, the Sixth Circuit rejected a claim for copyright infringement based on hand-drawn sketches of transmissions parts that appeared in a catalogue, and which were copied from photos in competitors' catalogues. 402 F.3d 700, 712 (6th Cir. 2005). The court unambiguously held: "The illustrations were intended to be as accurate as possible in reproducing the parts shown in

8

the photographs on which they were based, a form of slavish copying that is the antithesis of originality." *Id.*; *see also Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 528 F.3d 1258, 1267 (10th Cir. 2008) ([W]e hold, as many before us have already suggested, that, standing alone, '[t]he fact that a work in one medium has been copied from a work in another medium does not render it any the less a 'copy.''" (quoting Nimmer § 8.01(B)).

Plaintiff's anticipated reliance on *SHL Imaging*, 117 F. Supp. 2d at 311, for the proposition that the fourteen photos at issue here are sufficiently original, would be misplaced. In that case, this Court correctly acknowledged that not all photographs "are *per se* copyrightable."  *SHL Imaging*, 117 F. Supp. 2d at 309.  As such, because the subject matter of the photographs at issue in *SHL Imaging* – creatively angled and lit photos of framed mirrors for use in a sales catalog – is so unlike the subject matter of the photos at issue here, that is, admitted copies of iconic images of historical importance, the holding of *SHL Imaging* is inapplicable here.  Moreover, unlike the creative, "unique," "saturat[ed]" representations of framed mirrors in the images at issue in *SHL Imaging*, Sohm's photographs are indistinguishable duplicates of iconic public domain materials.  It is this combination of slavish copying and public domain material that, taken together, defeats Sohm's claims of originality.

## C.      Sohm's Claims Based on Photos that Slavishly Copy Well-Known Works in the Public Domain Are Not Sufficiently "Original" To Be Copyrightable

Each of the fourteen photos at issue here – which are all in the record, as pleaded and shown in the Amended Complaint itself, and hence, for which there is no factual dispute – reproduce, without alteration, famous works long in the public domain and for which this Court can take judicial notice.  Indeed, it is hard to imagine more emblematic American images: the Declaration of Independence, the United States Constitution, American colonial flags, a One

9

Dollar Bill, a Twenty Dollar Bill, and the Presidential Seal.  As is clear from the face of the pleaded images themselves, these are not photos containing artistic interpretation or commentary on the national icons.  There is no need for any factual development for the Court to appreciate that the images Sohm has pleaded are in fact painstaking photo copies of the documents and objects depicted therein.  *See* Am. Compl., Ex.11, at 1-11 and 13.  These images, on their face, are faithful duplications of purely functional information of the kind that that the court in *Feist* had in mind when delineating the required threshold of originality.  *See* 499 U.S. at 359.

Plaintiff's attempts to create fact issues as to "originality," as set forth in the Amended Complaint (*see* Am. Compl. ¶7 and Ex. 11), cannot meet the *Iqbal/Twombly* standard of plausibility.  Sohm's assertions focus on the mechanics and technical aspects of capturing the images, rather than on any transformative expression in the end result of  the actual image, and thus, the contentions fundamentally reflect arm-waving arguments about the sweat of the brow expended to take the photos, rather than the presence of discernible, original expression in the actual images.  *See, e.g.*, Am. Compl., Ex. 11, at 1-11 and 13.  Sohm's allegations related to the lighting angles and the camera technology used to capture his image of the Declaration of Independence do nothing to change the self-evident fact that Sohm's photo of the Declaration of Independence, on its face, has no individual, independent expression by Sohm in the actual image.[4]  *See* Am. Compl., Ex. 11, at 3, 4, and 8.  The images are copies.  Nothing more.  Indeed,

---

[4] Sohm's allegations on pages 3 and 4 of Exhibit 11 mistakenly refer to having obtained several copies "of the United States Constitution" for the images in question.  However, as is evident from the images depicted, he actually obtained copies of the Declaration of Independence, not the Constitution.  The Court may take judicial notice of the United States' own image of the Declaration of Independence at the Government's own website for the

*Continued on following page . . . .:*

10

Sohm has even explicitly pleaded, in the recitations of his efforts in Exhibit 11, that he made his photographs from pre-existing "copies" of the historical documents.[5]  *See* Am. Compl., Ex. 11, at 2, 3, 4, 5, 6, 7, and 8.  Sohm further elaborates in Exhibit 11 that for certain of the images, he used a computer editing tool known as "Stamp Tool" to "remove dust, noise, specs, etc." so as to have a "perfect" image that replicated exactly the item he was attempting to copy.  *See id.* 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 13.  Nevertheless, all of the labor expended by Sohm to capture these literal photo copies – *i.e.*, the difficulty of creating a copy – is immaterial; copyright law does not protect effort, it protects original expression.  *See Feist*, 499 U.S. at 464; *Batlin*, 536 F.2d at 431; *Meshwerks*, 528 F.3d at 1267.  Sohm's allegations fail to show how his expression is discernible in the images he has pleaded, and instead, his contentions merely recite the effort expended to capture the image.  *See Bridgeman Art Library*, 36 F. Supp. 2d at 197 (holding that "'slavish copying,' although doubtless requiring technical skill and effort, does not qualify" for copyright protection).  In this context, the allegations of the Amended Complaint, and quintessentially, the

---

*Continued from previous page. . . :*

National Archives:  http://www.archives.gov/exhibits/charters/declaration_zoom_2.html (last visited, July 20, 2016).

[5] Sohm's assertions of originality in Exhibit 11 mysteriously fail to identify the actual source copies that he used when he shot the photographs in question.  As a result, the Court is left to wonder whose expression Sohm is actually copying when he admits to having "obtained several copies" of the particular documents.  *See* Am. Compl., Ex. 11, at 2, 3, 4, 5, 6, 7, and 8.  This is particularly evident in those of Sohm's images which depict the United States Constitution as though the document has a two-column format.  *See id.* at 2 and 6.  As the Court can discern from the actual original document at the National Archives, *see* http://www.archives.gov/exhibits/charters/constitution_zoom_1.html (last visited, July 20, 2016), the true historical document is a four-page, single-column writing with signatures at the bottom of the fourth page, rather than the version that Sohm has copied from someone else.  *See* Am. Compl., Ex. 11, at 2 and 6.

images themselves, as pleaded therein, fail to plausibly point to any expression in Sohm's photos that somehow rises above the level of a "trivial variation" to reach the necessary standard of "some substantial variation" from the pre-existing works.  *See Batlin*, 536 F.2d at 491.  Indeed, on the face of the images themselves, the Court can see for itself that there is nothing discernible in the images that is any kind of variation from the public domain of the document or icon in question.  *See* Am. Compl., Ex. 11, at 1-11 and 13.  Sohm's pleaded images are no more than the "mechanical copying" that the Second Circuit has held is not copyrightable.  *See Batlin*, 536 F.2d at 490; *see also Oriental Art Printing*, 175 F. Supp. 2d at 546.  As such, Sohm does not possess a valid copyright of his own in the fourteen photographs referenced here and, as a result, the thirty-seven claims of copyright infringement deriving from those photos should be dismissed.[6]

## <u>CONCLUSION</u>

For the foregoing reasons, McGraw-Hill respectfully requests that the Court dismiss those portions of Counts I and II of the Amended Complaint that relate to the following specific exhibit and row numbers on the grounds that the photos referenced therein are not capable of

---

[6] McGraw-Hill anticipates that Sohm may attempt to argue that he is entitled to rely upon a presumption of copyrightability as a result of the registrations of the at-issue photos by the Copyright Office, in light of the 17 U.S.C. § 410(c).  However, this Court has already held in a different, unrelated case, that the registrations pleaded by Sohm for the at-issue photos are ineffective because they are vast, bulk registrations by Corbis Corp. which fail to name the individual photographers whose photos are encompassed within the registrations.  *See Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 712 F. Supp. 2d 84, 95 (S.D.N.Y. 2010).  Nevertheless, even if the pleaded registrations listed in the Amended Complaint were deemed effective, any presumption of copyrightability is overcome by the undisputed images themselves, which on their face reflect no discernible independent expression.  *See, e.g.*, *Oriental Art Printing*, 175 F. Supp. 2d at 549-50 (dismissing claims pertaining to individual photos of Chinese menu items for lack of originality, on a Rule 12(b)(6) motion, despite the copyright registration of the menus that contained the photos).

copyright protection in the first instance: (a) Exhibit 2, Rows 37, 49, 51, 64, 73, 118, 141, 142,

148, 157, 158, 160, 167, 168, 175, 181, 183, 189, 191, 192, 208, 211, 217, 221, 228, 233, 248,

249, 271, 273, 280, 283, and 285; (b) Exhibit 3, Rows 23 and 24; and (c) Exhibit 7, Rows 120

and 146.


Dated: July 20, 2016                    Respectfully submitted,
New York City, New York


                                     LEVINE SULLIVAN KOCH & SCHULZ, LLP


                                     By:   */s Christopher P. Beall*
                                       Christopher P. Beall
                                     321 West 44th Street, Suite 1000
                                     New York, NY 10036
                                     Tel. (212) 850-6109
                                     Fax. (212) 850-6299
                                     cbeall@lskslaw.com


                                     *Counsel for McGraw-Hill Global Education*
                                     *Holdings, LLC and McGraw-Hill School Education*
                                     *Holdings, LLC*

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July 2016 a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PARTIALLY DISMISS FIRST AMENDED COMPLAINT** was filed with the Court through the CM/ECF system, which generates an electronic notice of service by email delivery to the following counsel of record:

Maurice Harmon
Harmon & Seidman LLC
11 Chestnut St.
New Hope, PA 18938
maurice@harmonseidman.com

Christopher Seidman
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
chris@harmonseidman.com

Alex Rice Kerr
Harmon & Seidman LLC
PO Box 3097
Jackson, WY 83001
alex@harmonseidman.com

*Counsel for Plaintiff Joseph Sohm*

    */s Christopher P. Beall*

14