```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
JOSEPH SOHM,                    :

              Plaintiff,        :
                                         16cv4255
       -against-                :
                                         OPINION & ORDER
MCGRAW-HILL GLOBAL EDUCATION    :
HOLDINGS, LLC, et ano.,
                                :
              Defendants.
-------------------------------X
```

WILLIAM H. PAULEY III, District Judge:

  Joseph Sohm brings this copyright-infringement action against McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC ("McGraw-Hill"). Sohm claims McGraw-Hill exceeded the scope of its licenses to use his photos in educational textbooks. McGraw-Hill moves to dismiss in part, asserting that fourteen photos are in the public domain and cannot be copyrighted. McGraw-Hill's motion is denied.

## BACKGROUND

  Sohm is a professional photographer who licenses his images to publishers. (See Amended Complaint ("Am. Compl.") ¶ 2.) Between 1993 and 2012, Sohm licensed photographs to McGraw-Hill through his professional corporations and certain stock-photography companies. Sohm alleges McGraw-Hill exceeded the scope of the licenses in terms of quantity, region, language, duration, and media format. (Am. Compl. ¶ 9.)

  McGraw-Hill contends that fourteen of the photographs it allegedly licensed from Sohm cannot be copyrighted because they are in the public domain. Specifically, McGraw-Hill identifies several of Sohm's photographs as images of the Presidential Seal; the Constitution; the

Declaration of Independence; One-Dollar and Twenty-Dollar Bills; and the Colonial Flag. (Ds.'s Br., ECF No. 57, at 9–10.) Sohm contends that his photographs are variants of these images that incorporate his own, original artistic choices, such as background coloring; depth-of-field and photo speed settings; cropping; light alteration; and image enhancements. (Am. Compl. Ex. 11.)

## LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To determine plausibility, courts follow a "two-pronged approach." Iqbal, 556 U.S. at 679. First, a court must take the plaintiff's "factual allegations to be true and draw[] all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Second, a court determines "whether the 'well-pleaded factual allegations,' 'plausibly give rise to an entitlement to relief.'" Hayden v. Patterson, 594 F.3d 150, 161 (2d Cir. 2010) (citation omitted).

## DISCUSSION

"To qualify for copyright protection, a work must be original to the author." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 346 (1991). "Original . . . means only that the work was independently created by the author . . . and that it possesses at least some minimal degree of creativity." Feist, 499 U.S. at 345. While there is "no uniform test to determine the copyrightability of photographs," the "minimal degree of creativity" standard is easily met. SHL Imaging, Inc. v. Artisan House, Inc., 117 F. Supp. 2d 301, 309, 311 (S.D.N.Y.

2000). "The vast majority of works make the grade quite easily, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be." Feist, 499 U.S. at 346. For example, in SHL Imaging, photographs of picture frames met this standard where they revealed "aesthetic judgment": "detail in the carvings, the saturation of color and gilt, and the appearance of attractive and well-defined picture frames." SHL Imaging, 177 F. Supp. 2d at 311.

An image in the public domain is "free for the taking and cannot be appropriated by a single author even though it is included in a copyrighted work." Boisson v. Banian, Ltd., 273 F.3d 262, 268–69 (2d Cir. 2001) (citation omitted). But if the author adds a minimal artistic touch, creating a "distinguishable variation" of the work, that variation is entitled to copyright protection. L. Batlin & Son, Inc. v. Snyder, 536 F.2d 486, 490 (2d Cir. 1976) (en banc) (citation omitted). The rights an author obtains based on such alterations are limited because "only the material added to the underlying work" is protected by the plaintiff's copyright. Canal+ Image UK Ltd. v. Lutvak, 773 F. Supp. 2d 419, 430 (S.D.N.Y. 2011).

A certificate of registration constitutes "prima facie evidence of the validity of the copyright and of the facts stated in the [copyright] certificate" in "any judicial proceedings." 17 U.S.C. § 410(c). Proffering a copyright registration "shifts . . . the burden of proving the invalidity of the copyright" to the defendant. Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d Cir. 1997). The burden-shifting effect of a valid registration also applies to the determination of "originality." Gaste v. Kaiserman, 863 F.2d 1061, 1066 (2d Cir. 1988).

For each work at issue, Sohm provides dates and registration numbers of the copyrights. (See Am. Compl. Exs. 1–7.) This alone suffices to shift the burden of proving the invalidity of the copyrights to McGraw-Hill. And because this is a motion to dismiss—not a

motion for summary judgment—McGraw Hill cannot offer evidence to the contrary. For this very reason, courts in this Circuit have concluded that questions of originality are generally "inappropriate for determination on a motion to dismiss." See, e.g., FragranceNet.com v. FragranceX.com, Inc., 679 F. Supp. 2d 312, 320–21 (E.D.N.Y. 2010).

In view of Sohm's plausible allegations regarding his artistic choices, and the evidentiary presumption created by his copyrights, this Court cannot infer a lack of originality in these images at the motion-to-dismiss stage. The principal cases on which McGraw-Hill relies for the contrary proposition are not on point. In the first, the Second Circuit concluded that a plastic "mechanical bank" including an Uncle Sam figurine was indistinguishable from its cast-iron variant in the public domain—but only after a preliminary-injunction hearing at which the district court considered evidence and heard from witnesses. Batlin, 536 F.2d at 487–88, 488 n.1. In the second, an opinion on a motion to dismiss, the plaintiffs did not actually possess a copyright over the generic images of food that were found to lack originality. Oriental Art Printing v. Goldstar Corp., 175 F. Supp. 2d 542, 548 (S.D.N.Y. 2001). But the judge in that action rejected defendants' challenge to an arrangement of images because plaintiffs possessed a copyright certificate for their "graphic design." Goldstar, 175 F. Supp. 2d at 548.

## CONCLUSION

McGraw-Hill's motion to dismiss is denied. The Clerk of Court is directed to close the motion pending at ECF No. 56.

Dated: September 16, 2016  
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III  
U.S.D.J.

4